Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jeanette E. McPherson, Esq.
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: bkfilings@s-mlaw.com

Attorneys for Debtor and Debtor In Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WALL STREET NEVADA LLC,<br><br>        Debtor. | Case No. 09-22234-MKN<br>Chapter 11<br><br><br>Date:   November 10, 2009<br>Time:   2:00 p.m. |

**MOTION FOR ORDER: (1) APPROVING ADEQUACY OF DISCLOSURES IN PROPOSED DISCLOSURE STATEMENT AND (2) SETTING A CONFIRMATION HEARING, RECORD DATE AND DEADLINES FOR BALLOTING AND OPPOSITIONS TO CONFIRMATION**

WALL STREET NEVADA LLC, Debtor and Debtor-in-possession ("Debtor" or "Wall Street") hereby files this Motion For Order: (1) Approving Adequacy Of Disclosures In Proposed Disclosure Statement, And (2) Setting a Confirmation Hearing, Record Date and Deadlines For Balloting And Opposition to Confirmation (the "Motion") in the above-referenced case.[1]

This Motion is made and based on the points and authorities listed herein, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

---

[1] Terms not otherwise defined in this Motion shall have the definitions as provided for in the Disclosure Statement and Plan.

Wherefore, Debtor hereby requests that the Court grant this Motion and make such other orders as may be appropriate to cause the Disclosure Statement (the "Disclosure Statement") to be approved and distributed with Debtor's Plan of Reorganization (the "Plan") for consideration by persons entitled to vote.

## POINTS AND AUTHORITIES

**I.    STATEMENT OF RELEVANT FACTS**

1. On July 10, 2009, Debtor filed its voluntary Chapter 11 bankruptcy petition (the "Petition") with this Court.

2. No trustee has been appointed in this case.

3. Debtor is in possession of certain of its properties and businesses as Debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

5. Venue of Debtor's case in the District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory basis for the relief sought herein is Sections 1125 and 1129 of the Bankruptcy Code, as complimented by Fed. R. Bankr. P. 3017 and 3020 and LR 3016.

7. On October 7, 2009, the Debtor filed the Plan and Disclosure Statement with the Court.

8. The Debtor has filed the proposed Disclosure Statement (Docket #30) for Court approval. Additionally, the separately filed Plan (Docket #31) is attached as Exhibit "A" to the Disclosure Statement. On October 9, 2009, these documents have been mailed to all creditors and parties in interest.

9. Debtor owns an 81.1272% interest in real property consisting of fifteen (15) contiguous parcels in downtown Las Vegas that contain an area of 7.21 net acres (the "Real Property") which were acquired, aggregated and zoned for development. As of March 6, 2007, the Real Property was appraised by RCS Appraisal, Inc. as having an "as is" value of $33,060,000. In June, 2007, Wall Street and its co-owners entered into a contract to sell the Real

Property to Neon Nevada LLC for $72,000,000.  But the Nevada Department of Transportation ("NDOT") prevented development by announcing its Project NEON which required the bisection of the Debtor's Real Property for roadways leaving approximately 5.30 net acres.  The current value of the Real Property remaining after the construction of roadway was appraised, as of September 29, 2009, by The DiFederico Group as having a value of only $2,430,000. The Debtor and the co-owners of the Real Property have instituted a lawsuit against NDOT to recover the value of the Real Property lost to the State by inverse condemnation. **The Debtor expects that the recovery from NDOT will range from $20,000,000 to $43,000,000.** The proceeds of this lawsuit will pay creditors. The Debtor is certain that the amount recovered by this lawsuit will provide sufficient funds to pay all creditors in full.

10.   The Plan provides for the following classifications and treatment:

Class 1.        Administrative Expenses and Priority Tax Claims

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it be paid on the effective date of the Plan.

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| **Type** | **Estimated Amount Owed** | **Proposed Treatment** |
| --- | --- | --- |
| Expenses Arising in the Ordinary Course of Business After the Petition Date | $1,000 | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| Professional Fees, as approved by the Court. | $75,000 | Paid in full on the effective date of the Plan, in full or in part from the $50,000 pre-petition retainer received from Debtor. |

| | | |
|---|---|---|
| Litigation expenses | $300,000 | Paid in full according to separate written agreement with The Law Offices of Kermitt L. Waters |
| Office of the U.S. Trustee Fees | $650 | Paid in full on the effective date of the Plan |
| TOTAL | $376,650 | |

The Debtor is unaware of any Priority Tax Claims.

Class 2.    Nevada State Bank Secured Claim

| Description | Impairment | Treatment |
|---|---|---|
| *Secured claim of Nevada State Bank* <br><br> Collateral description : the Real Property <br><br> Allowed Secured Amount: $15,517,435 plus interest, reasonable fees and costs <br><br> Priority of lien: 1st priority | impaired | NEVADA STATE BANK will be paid in full, including non-default rate interest, costs and reasonable attorneys' fees from the net proceeds of the Litigation at such time as the award is collected. In order for the management of the Debtor to concentrate their efforts on the litigation against NDOT, Nevada State Bank will be temporarily enjoined from pursuing guarantees of David M. Frank, Craig Katchen, David M Frank 2004 Revocable Inter Vivos Trust and Craig Kitchen Revocable Trust No 1 until the Litigation is final. |

Class 3.    Class of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

/ / /

/ / /

/ / /

/ / /

1  The following chart identifies the Plan's proposed treatment of Class 3 which contain
2  general unsecured claims against the Debtor:

| Description | Impairment | Treatment |
|---|---|---|
| General Unsecured Class | impaired | General Unsecured Creditors will be paid in full including interest at the federal judgment rate from the net proceeds of the Litigation at such time as the award is collected and Class 2 is paid in full |

Class 4.  Class of Equity Interest Holders

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a limited liability company ("LLC"), the equity interest holders are the members.

The following chart sets forth the Plan's proposed treatment of the one class of equity interest holders:

| Description | Impairment | Treatment |
|---|---|---|
| Equity interest holders | unimpaired | Equity Security Holders will retain their equity securities of the Debtor. |

Class 5.  Real Property Co-Owners.

The five (5) co-owners of the Real Property are a separate class.  This class consists of

Haroon Soroudi – Wall Street Nevada HS, LLC                                                4.7543%

Paul Soroudi – Sunrise Trust – Wall Street Nevada ST, LLC                          2.7762%

Parham Soroudi – Wall Street Nevada PS, LLC                                              1.3584%

Masoud Kahrobaie – Wall Street Nevada MK, LLC                                        4.9666%

Mehran Haghani – Wall Street Nevada MH, LLC                                            3.1243%

/ / /

/ / /

/ / /

| Description | Impairment | Treatment |
|---|---|---|
| Real Property Co-owners | impaired | Co-owners interests in the real property shall be the subject of the Litigation. Co-owners will share pro-rata in the net proceeds of the Litigation, after Classes 2 and 3 are paid in full, based upon their percentage ownership of the Real Property. Co-owners waive all claims against the Debtor. |

11. The Debtor's Plan proposes the treatment for each of these classes of creditors and the means for execution of the Plan.

12. The Disclosure Statement adequately describes the history of the Debtor, the Debtor's assets, classes of creditors, the treatment of classes, and the means for execution of the plan.

13. Debtor requests that the Court issue an order approving the proposed Disclosure Statement, setting the confirmation hearing date and time, and setting deadlines for balloting and the filing of oppositions to confirmation, all in order to enable the Debtor to bring the Plan before the Court for confirmation and proceed with the administration of its case.

## II.  STATEMENT OF AUTHORITIES AND ARGUMENT

### A.  Approval of Disclosure Statement

The following provisions are pertinent to the process of approving the Disclosure Statement and beginning the solicitation process:

11 U.S.C. § 1125(b) provides as follows:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125(a)(1) provides as follows:

> Adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the

debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

Fed.R.Bank.P. 3017(a) provides in part as follows:

> Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 25 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto.

L.R. 3016(f) provides as follows:

> The disclosure statement should include, at a minimum:
> (1) A statement regarding the debtor's background, ownership, and pre-bankruptcy operating and financial history;
> (2) A discussion of the reason for the bankruptcy filing;
> (3) A summary of proceedings to date in the bankruptcy case;
> (4) A summary of assets;
> (5) A description of unclassified claims, including estimated amounts of administrative and priority claims;
> (6) A description of claims by class, including an estimate of the amount of claims in each class as reflected by the schedules and proofs of claim on file;
> (7) A summary of the treatment of unclassified and classified claims under the proposed plan;
> (8) A summary of the treatment of executory contracts under the proposed plan;
> (9) A liquidation analysis;
> (10) A statement as to how the proponent intends to achieve the payments proposed; and
> (11) The disclosures required by 11 U.S.C. § 1129(a)(5).

While L.R. 3016(f) provides the minimum that a disclosure statement must include, "the determination of what is adequate information is subjective and made on a case by case basis." In re Brotby, 303 B.R. 177, 193(B.A.P. 9th Cir. 2003); See In re Arizona Fast Foods, LLC, 299 B.R. 589, 593 (Bankr. D. Ariz. 2003). "This determination is largely within the discretion of the bankruptcy court." Brotby, 303 B.R. at 193. To assist in determining what constitutes adequate information, case law has given rise to certain criteria to aid the courts in evaluating the sufficiency or the adequacy of disclosure statements.

Relevant factors for evaluating the adequacy of a disclosure statement may include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.  In re Metrocraft Pub. Services, Inc., 39 B.R. 567, 568 (Bankr. Ga. 1984); see In re Jeppson, 66 B.R. 269, 292 (Bankr. Utah 1986).  In addition, "an informed judgment cannot be made without information about the plan and about how the provisions of the plan will be put into effect. In re Michelson, 141 B.R. 715, 718 -719 (Bankr. E.D. Cal. 1992).  Thus, every plan of reorganization must provide adequate means for the plan's implementation.  Id.  Pursuant to the above quoted provisions and case law, the Court has the authority to and should approve the disclosures contained in the Disclosure Statement as being adequate and fully satisfying the requirements of those provisions.

**B.      Objections to Plan of Reorganization and the Confirmation Hearing**

Fed.R.Bank.P. 3020(b)(1) provides as follows:

> An objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the Code, and any other entity designated by the court, within a time fixed by the court. Unless the case is a chapter 9 municipality case, a copy of every objection to confirmation shall be transmitted by the objecting party to the United States trustee within the time fixed for filing objections. An objection to confirmation is governed by Rule 9014.

Bankruptcy Rule 2002 (b) states that,

> Except as provided in subdivision (1) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 25 days notice by mail of (1) the time fixed for filing objections and the hearing to consider approval of a disclosure statement; and (2) the time fixed for filing objections and the hearing to consider confirmation of a chapter 9, chapter 11, or chapter 13 plan.

Reading this rule in conjunction with Bankruptcy Rule 9006(f) leads to the conclusion that Plan oppositions should be due 28 days after the mailing of the Plan and Disclosure Statement with the confirmation hearing set at least 38 days after the planed mailing date, with any reply due 2 court days prior to the hearing.

The Court should order that any party-in-interest who fails to timely object to confirmation of the Plan in writing, file such objection to the Plan in compliance with the local rules and timely serve such objection as set forth below shall be deemed to have waived any objection to the confirmation of the Plan. Objections should be timely served on the following persons:

Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Boulevard, #1
Las Vegas, NV 89146-5308
Telephone: (702) 228-7590

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court determine and order as follows:

1. That the proposed Disclosure Statement contains adequate information and is approved;

2. That the Debtor shall distribute to all creditors, interest holders, and any other parties in interest, by a fixed date, the approved Disclosure Statement together with a copy of the Plan, a Ballot, and a copy of the Order Approving Debtor's Disclosure Statement, and that such distribution shall constitute full compliance with Fed. R. Bankr. P. 3017(d);

3. That the form of the Ballot to be mailed to Unsecured Creditors and Equity

1  Security holders in this case shall substantially conform to Official Form 14;

2      4.    That the time within which acceptances and rejections of the Plan (the "Ballots")

3  must be received by the Debtor's counsel in order to be counted is fixed for a date certain;

4      5.    That the hearing to consider confirmation of the Plan is fixed to commence on a

5  date certain; and

6      6.    That the last day for filing and serving objections to confirmation of the Plan

7  pursuant to Fed. R. Bankr. P. 3020(b)(1) is fixed for a date certain.

8      DATED this 12th day of October, 2009.

                    WALL STREET NEVADA, LLC

                    By its Attorneys:

                    /s/ Lenard E. Schwartzer
                    Lenard E. Schwartzer, Esq.
                    Schwartzer & McPherson Law Firm
                    2850 South Jones Boulevard, Suite 1
                    Las Vegas, Nevada 89146-5308
                    Attorneys for Debtor and Debtor in Possession